NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE B. NOBLE; PATRICIA L. NOBLE,

 Plaintiffs-Appellants,

 v.

CALIBER HOME LOANS, INC.; et al.,

 Defendants-Appellees.

No. 17-17296

D.C. No. 4:17-cv-01053-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted June 12, 2018[**]

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

George B. Noble and Patricia L. Noble appeal from the district court's

judgment dismissing their action alleging federal and state law claims arising from

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's dismissal for failure to state a claim under Federal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed the Nobles' Real Estate Settlement Procedures Act ("RESPA") claim because the Nobles failed to allege facts sufficient to show that they suffered any actual damages from any alleged RESPA violation.  *See* 12 U.S.C. § 2605(f)(1) (limiting recovery to "actual damages" where there is no pattern or practice of noncompliance with the requirements of § 2605).

Dismissal of the Nobles' California Civil Code section 2924.17 claim was proper because the Nobles lack standing to challenge any defective assignment of their loan or deed of trust.  *See Saterbak v. JPMorgan*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (borrowers lack standing to bring a preforeclosure suit challenging a defendant's ability to foreclose).

**AFFIRMED.**